■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THURMAN DICKER, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to suppress the written statement he gave to the police. After receiving his Miranda warnings, defendant twice told the police in detail about his participation in the armed robbery of a tavern, during which the owner and a customer were shot to death. He related that, although he was not in the tavern at the time of the shooting, he had "cased" the tavern immediately before the robbery and had acted as the getaway driver. After he gave his oral confessions, defendant asked the police what could be done for him if he signed a written statement. In response, an Assistant District Attorney told him that, if he was indicted for murder and cooperated by testifying against the other participants and by signing a written statement, the Assistant District Attorney would recommend that defendant be allowed to plead to a charge of robbery instead of murder. The Assistant District Attorney further said that, as part of the agreement, defendant would have to take a polygraph examination and if he failed to pass that examination, "all promises would be off", and defendant's statement would be used against him at trial. Defendant

failed the polygraph examination and, as a result, the District Attorney's office refused to recommend that defendant be permitted to plead to robbery in the first degree in satisfaction of the murder charge.

Contrary to defendant's contention, defendant's statement was voluntarily given and was not obtained "by means of any promise or statement of fact, which promise or statement create[d] a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]). Here, before any promises were made to defendant, he voluntarily related to the police essentially the same facts that he gave in his written statement. Hence, the promise created no risk of false incrimination.

We reject defendant's other contention that the Assistant District Attorney should not have been permitted to use at trial a statement he believed to be false. The People did not question the truth of much of defendant's statement concerning his participation in the robbery, but because of the results of the polygraph examination, they felt that he had participated in the robbery and shooting to a greater extent than he was willing to admit. Since the Assistant District Attorney had no reason to believe that defendant had not committed the acts contained in the statement, or that he was less culpable than he admitted, the Assistant District Attorney violated no ethical standard by offering the statement in evidence. (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—murder, second degree, and other charges.) Present—Doerr, J. P., Denman, Boomer, Balio and Davis, JJ.